The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following:
 FINDINGS OF FACT
1. The plaintiff began working for the defendant-employer through a temporary agency in 1989 and then became an employee of the defendant-employer in 1992.
2. In either January or June of 1994, the plaintiff was running a die cast machine when a hose burst causing a flash in the plaintiffs face, which caused the plaintiff to jump and hit his right elbow and back.
3. On 29 July 1994, the plaintiff was treated for a swollen left eye at Washington Family Medical Center and then was referred for treatment to an ophthalmologist, Dr. Charles Baltimore. The plaintiff received treatment for chemical conjunctivitis caused by chemical solution splashing in his eye.
4. On 17 May 1995, the plaintiff was diagnosed with moderate right carpal tunnel syndrome and a minimal olecranon fracture of the right elbow by Dr. Cynthia Lopez at East Carolina Neurology.
5. On 25 October 1995, the plaintiff underwent a right carpal tunnel release performed by Dr. Edward Birdsong.
6. In I.C. File No. 507771, the plaintiff was represented by Taft, Taft and Haigler on a claim for an eye injury resulting from the January or June 1994 incident. A Form 21 was approved by the Industrial Commission in that claim on 1 March 1996 awarding the plaintiff permanent partial disability compensation for a 4.2 percent permanent partial disability to the left eye, and the plaintiff was subsequently paid. Thereafter, the plaintiff complained to Taft, Taft and Haigler of right elbow pain from the incident. On 28 June 1996, the plaintiffs attorney from Taft, Taft and Haigler wrote to the plaintiff stating that the plaintiff had only represented to them that he sustained an eye injury in the accident, and that based upon the medical records they had, they could not represent him for a right elbow injury. They informed him of his right to retain an attorney on that issue. The plaintiff took no further action on this file. Upon the 3 July 1997 and 29 July 1998 motions of Taft, Taft and Haigler, an Order was issued on 21 September 1998 allowing their withdrawal as counsel of record.
7. In October 1995, the plaintiff filed a Form 18 indicating an accident date of January 1994. As a result, I.C. No. 576017 was opened. The defendants filed a Form 61 on 16 October 1995 stating that the plaintiffs job was not repetitive and that no accident occurred. In an accompanying letter to the plaintiff, the defendant-carrier stated that it was denying the plaintiffs claim of right hand pain based upon a recorded statement of the plaintiff taken on 5 October 1995 in which the plaintiff stated that his right hand pain began in May of 1995. The plaintiff took no further action on this file.
8. On 18 March 1997, the plaintiff filed a Form 18 alleging an elbow and back injury in June of 1994, wherein he described the incident with the die cast machine referenced above. That claim was opened as I.C. No. 702619. The plaintiff filed a Form 33 in that file.
9. The plaintiff filed a Form 33, Request for Hearing in April 1998 alleging a hand and elbow injury and carpal tunnel syndrome with a date of injury of 27 September 1995 through 20 October 1995. That claim was opened as I.C. No. 835266 and was set for hearing by Deputy Commissioner Holmes.
10. On 2 June 1998, the plaintiff filed a Form 18 alleging he contracted carpal tunnel syndrome on 19 July 1995 by sanding parts while working with the defendant-employer. This filed was opened as I.C. No. 840456.
11. The plaintiff first asserted a claim for hand and elbow injuries and carpal tunnel syndrome on 18 March 1997. Thus, the plaintiff did not file a claim with the Industrial Commission within two years of the date of his alleged injuries or within two years of the date he was diagnosed with carpal tunnel syndrome.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Proper filing of a claim within two years is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. 97-24(a).
2. The plaintiff did not timely file a claim for hand and elbow injuries or carpal tunnel syndrome. Thus, the Industrial Commission has no jurisdiction to hear the claim and the plaintiffs claim is barred. N.C. Gen. Stat. 97-24(a).
3. The plaintiff is therefore not entitled to benefits under the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, the plaintiffs claim must be and the same is hereby DENIED.
2. Each side shall bear its own costs.
This 20th day of April 2000.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ____________________ DIANNE C. SELLERS COMMISSIONER